**In re Petition for DISCIPLINARY ACTION AGAINST Dale Leroy HANKE, an Attorney at Law of the State of Minnesota.**

No. C6–94–2393.

Supreme Court of Minnesota.

April 28, 1995.

## ORDER

The Office of Lawyers Professional Responsibility, through its director, has filed with the court a petition alleging that respondent, Dale Leroy Hanke, misappropriated client trust account funds and bankruptcy estate funds, and committed additional professional misconduct to conceal the misappropriations. In conjunction with those proceedings, the director has filed a petition, pursuant to Rule 16, Rules of Lawyers Professional Responsibility, seeking an order temporarily suspending respondent from the practice of law pending the final determination of the disciplinary proceedings.

Respondent has admitted to the misappropriations and their concealment, has made restitution, and has cooperated with the director's investigation. In addition, respondent has made available supportive letters attesting to respondent's good character and reputation. "Considering the extent and seriousness of the admitted misconduct, however, 'it would be inappropriate, pending final determination of disciplinary proceedings, to hold out the Respondent as an attorney who poses no risk of injury to the public and who is entitled to the unquestioned trust and confidence of clients, judges, and lawyers.'" *In re Plowman,* 463 N.W.2d 497 (Minn.1990) (quoting *In re Okerman,* 298 N.W.2d 28, 29 (Minn.1980)).

The court, having considered all of the facts and circumstances surrounding this matter, the petitions of the director, and the arguments of counsel, NOW ORDERS:

1. That the respondent, Dale Leroy Hanke, effective 10 days from the date of this Order, is hereby temporarily suspended from the practice of law pending final determination of these disciplinary proceedings, pursuant to Rule 16, Rules on Lawyers Professional Responsibility.

2. That respondent shall, within 10 days of the date of this Order, notify each of his clients of his inability to continue representation of the client and shall otherwise fully comply with the provisions of Rule 26, Rules on Lawyers Professional Responsibility.

BY THE COURT:

/s/ Alan C. Page
Associate Justice